## CURRENT OHIO COURT of APPEALS CASES

### Weekly Advance Abstract Opinions

#### No. 612

#### DOWNING v. DOWNING

Ohio Appeals, Second District, Franklin County
Decided June 20, 1923

This opinion has not been published except in Abstract.

**ALIMONY—Court may grant alimony under prayer for "such other and further relief."**

PER CURIAM.

Epitomized Opinion

H. Downing alleged gross neglect of duty and prayed for divorce, restoration of maiden name and such other further relief as she may be entitled to. Her husband, L. Downing, was personally served, but made default. The trial court rendered her a decree of divorce and allowed alimony. He moved to set aside judgment for alimony on the ground no demand had been made therefor in the petition. The motion was granted. This was assigned as error. The Court of Appeals in reversing the judgment and overruling the motion to set aside the decree for alimony held:

1. Alimony is an incident to the divorce and a claim therefor need not be pleaded if the divorce is granted. 62 OS. 90.

Dicta: Even if the motion to set aside judgment for alimony was predicated on doctrine that no showing was made, that defendant owned property, still the court would have no right to grant it. 99 OS. 143.

Attorneys—T. H. Hennesey, for H. Downing; J. H. Horst, for L. Downing.

#### No. 613

#### SURMAN v. TERRELL

Ohio Appeals, Ninth District, Lorain County
No. 243. Decided June 25, 1923

This opinion has not been published except in Abstract.

**ASSAULT AND BATTERY—(1) Inadmissibllity of evidence showing conduct of plaintiff some time after assault—(2) Inadmissibility of conduct of defendant at later time—(3) Verdict manifestly against weight of evidence—(4) Only those errors can be considered on review to which an exception is taken.**

FUNK, P. J.

Epitomized Opinion

Surman sued Terrell for $5.000 damages for assault and battery. The petition alleged that defendant struck plaintiff in the face in the presence of a large number of persons and that he was greatly injured and humiliated thereby. During the trial the defendant was permitted to show misconduct on the part of the plaintiff while passing defendant's residence on the day following the alleged assault and battery. As the trial resulted in a verdict for the defendant, plaintiff prosecuted error. In reversing the judgment of the lower court, the Court of Appeals held:

1. That the court committed error in admitting evidence showing the conduct of plaintiff in making a discourteous remark in a loud voice when passing the residence of the defendant on the day following the alleged assault and battery, and this fact was in no way connected with the assault.

2. While evidence as to defendant's declaration or conduct soon after the act complained of may be competent to show malice, yet evidence is not admissible showing the conduct of defendant on an occasion different than the one at issue.

3. The verdict was manifestly against the weight of evidence.

4. Errors in the court's charge could not be considered by a reviewing court unless there was an exception taken to the charge.

Attorneys—A. Nieding and L. D. Hamlin, for Surman; F. M. Stevens, for Terrell.

#### No. 614

#### EMLINE v. PENN. R. CO. et al

Ohio Appeals, Sixth District, Lucas County
No. 1338. Decided June 25, 1923

This opinion has not been published except in Abstract.

**ASSUMPTION OF RISK—(1) Under the Federal Employers' Liability Act the question of assumption of risk is usually a question for the jury—(2) Direction of verdict.**

CHITTENDEN, J.

Epitomized Opinion

This is an action for personal injuries brought against the Pennsylvania Co. and the Woodville Lime Products Company. The plaintiff was a brakeman upon the top of a box car and was knocked off the top of a box car by an overhead stone bin while switching the cars in the Lime Products Company yard. The evidence disclosed that the switch tracks were owned and maintained by the railroad, but that this stone bin had been erected by the Lime Products Company. It also disclosed that plaintiff had had some experience with railroading and that he knew that the lime bin extended over the switch track and was used for the purpose of loading the lime into hoppers. The plaintiff claimed, however, that he did not know that there was insufficient clearance, but the evidence was in dispute as to this fact. It was admitted by all the parties that the Railroad Company was engaged in interstate commerce at the time the accident occurred. At the close of the plaintiff's evidence both defendants made motions for directed verdicts and they were granted. Thereupon the plaintiff prosecuted error. In reversing the judgment of the lower court as to the R. R. Company, the Court of Appeals held:

1. Under the Federal Employers' Liability Act the risk resulting from the location of a structure in dangerous proximity to a railroad track is usually a question to be determined by the jury and it is also for the jury to determine from all the evidence whether the injured employe had actual knowledge of the danger. Therefore, the court erred in holding as a matter of law that the brakeman in this case had knowledge of the dangerous condition which existed.

2. It is error for the court to direct a verdict against the plaintiff where, by giving to the evidence the most favorable interpretation toward him which any of the evidence will reasonably warrant, there is some evidence tending to support the allegation of the petition.

Attorneys—Clyde L. Deeds, for Emline; Marshall & Fraser and C. A. Seiders, for R. R. Co.